

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DARLENE D. FREEMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:06-CV-516-A |
| § | |
| ALPHONSO JACKSON, SECRETARY § | |
| UNITED STATES DEPARTMENT OF § | |
| HOUSING & URBAN DEVELOPMENT, § | |
| ET AL., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
and
ORDER

On June 4, 2007, defendant, Alphonso Jackson, Secretary, United States Department of Housing & Urban Development, moved for summary judgment on all claims asserted by plaintiff, Darlene D. Freeman, in this suit. Having considered the motion, plaintiff's response, defendant's reply, the summary-judgment evidence, and the applicable legal authorities, the court concludes that the motion should be granted in part and denied in part as stated below.

I.

Plaintiff's Claims

On October 31, 2006, plaintiff filed her original complaint in this court and on November 28, 2006, she filed her first amended complaint. Plaintiff's current claims are that defendant did not select her for a promotion because of her race and gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII").

II.

## The Motion for Summary Judgment

Defendant maintains that plaintiff has no direct evidence of race or sex discrimination. Further, defendant contends that (1) plaintiff cannot establish a prima-facie case of race discrimination under Title VII, (2) even though plaintiff has established a prima facie case of sex discrimination, defendant had a legitimate, non-discriminatory reason for not promoting plaintiff, (3) plaintiff failed to prove that such reason was actually pretext for discrimination.

III.

## Facts

A.   Relevant Undisputed Facts

In May of 2003 defendant promoted Rayford Johnson ("Johnson"), a black male, to the position of Supervisory Equal Opportunity Specialist ("Supervisor position"). Johnson was removed from the Supervisor position in December of 2003 and defendant posted Vacancy Announcement 06-MSR-2004-0005 on December 11, 2003, to the position. Fourteen of the fifteen applicants were found minimally qualified for the Supervisor position and were referred on the selection roster. Plaintiff, a black female, was an Equal Opportunity Specialist at the GS-12 level in the Fort Worth Regional Office of Fair Housing and Equal Opportunity ("FHEO") and was one of the fourteen applicants referred. These fourteen applicants were interviewed in April of 2004 by a panel of two individuals, Garry Sweeney ("Sweeney") and

2

Thurman Miles ("Miles"). Plaintiff was interviewed on April 21, 2004, and Johnson, the selectee, was interviewed on April 26, 2004.

Sweeney sent a memorandum on May 5, 2004, to the selection official, Carolyn Y. Peoples, Assistant Secretary, FHEO ("Peoples"), recommending that Johnson be selected for the position. The memorandum referenced Johnson's education and past work experience, his "expert skills in the investigation and resolution of complaints" and his consistently receiving "Outstanding performance evaluations". Def.'s App. in Supp. Mot. Summ. J. 98. On the same day the memorandum was sent, Peoples accepted Sweeney's recommendation and selected Johnson for the position. She forwarded the signed selection roster to the personnel department on May 19, 2004.

B.  Relevant Disputed Facts

Plaintiff maintains that after Johnson was promoted in May of 2003, the Office of Special counsel later discovered that his was the only application considered and removed him from the Supervisor position. Defendant claims that there is no evidence to suggest that Johnson's was the only application considered when he was promoted in 2003 and contends that he was removed from the position as a result of a grievance filed with the Office of Special Counsel. Plaintiff also alleges that defendant announced that the 2004 Supervisor position would be filled based on an interview process and that this differed from the procedure used since 1995, that of evaluating applicants based on their

3

Case 4:06-cv-00516-A   Document 38   Filed 07/20/07   Page 4 of 14   PageID 199

written statements. Defendant contends that the Vacancy Announcement did not state that the Supervisor position would be filled based solely on an interview and, moreover, that defendant's staffing handbook expressly provides for an optional interview process if a selecting official so chooses. Finally, plaintiff asserts that Miles made a statement in front of another of defendant's employees that he thought there were enough women in management and supervisory positions at FHEO. Defendant maintains that Miles never made such a statement.

IV.

<u>Summary Judgment Principles</u>

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts.

4

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597. See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

V.

## Analysis

A.  Direct Evidence

Direct evidence of discrimination is "evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." See, e.g., Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 897 (5th Cir. 2002) (citation omitted).  If a plaintiff produces direct evidence, "the burden of persuasion shifts to the defendant, who must prove that it would have taken the same action regardless of discriminatory animus." Id. (citing Price Waterhouse v. Hopkins, 490 U.S. 228, 252-53 (1989)).

B.  Circumstantial Evidence

To evaluate claims of race and sex discrimination based on circumstantial evidence, the court must analyze such claims under the evidentiary burden-shifting framework of McDonnell Douglas Corp. v. Greene, 411 U.S. 792 (1973).

This framework, in turn, requires plaintiff first to establish a prima facie case of race and sex discrimination under Title VII. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).  A prima facie case of discrimination in a failure to promote action is established by demonstrating the following four elements: (1) the employee is a member of the protected class; (2) she sought and was qualified for the position; (3) that she was rejected for the position; and (4) the position was filled by someone outside of her protected class. Pratt v. City of

6

Houston, 247 F.3d 601, 606 (5th Cir. 2001).

If plaintiff makes out a prima-facie case, a presumption of discrimination arises and the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for its actions. See Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999). If defendant meets this burden, the presumption in favor of plaintiff disappears, and plaintiff must then offer evidence sufficient to create a genuine issue of material fact "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative)." Keelan v. Majesco Software, Inc., 407 F.3d 332, 341 (5th Cir. 2005)(internal quotation marks and citations omitted). "If the plaintiff demonstrates the protected characteristic was a motivating factor in the employment decision (meets the mixed-motive showing) . . . it then falls to the defendant to prove that the same adverse employment decision would have been made regardless of discriminatory animus. If the employer fails to carry this burden, plaintiff prevails." Id. (internal quotation marks and citation omitted).

C.  Plaintiff's Race Discrimination Claim Fails

    1.  No Prima-Facie Case

Plaintiff concedes that she has no direct evidence of her race discrimination claim. Thus, she attempts to show a prima

7

facie case of race discrimination through circumstantial evidence. Defendant does not dispute that plaintiff has satisfied the first three elements of a prima facie case, specifically that plaintiff: (1) is a member of a protected class (black), (2) she sought and was qualified for the Supervisor position, and (3) she was rejected for the Supervisor position. See Pratt, 247 F.3d at 606. However, defendant maintains, and the court agrees, that plaintiff has not adduced a prima facie case because she cannot meet the fourth element, namely, that the Supervisor position was filled by someone outside her protected class. See id. Johnson, the applicant selected for the Supervisor position, is black, thus, the selectee is of the same race as plaintiff. Accordingly, plaintiff has failed to make the requisite showing for a prima facie case and her race discrimination claim must fail.[1]

D. Plaintiff's Sex Discrimination Claim Fails

1. No Direct Evidence

Plaintiff proffers that Miles, a member of the interview panel, made a statement that constitutes direct evidence of sex discrimination. In her response to the motion for summary judgment, plaintiff includes the affidavit of Samuel Johnson, FHEO Assistant ("Samuel"). Samuel's affidavit states that

---

[1] Plaintiff argues that the court should adopt the view held by the Ninth Circuit Court of Appeals in Lamb v. University of Hawaii, 40 F.3d 1551 (9th Cir. 1994), and allow her to satisfy the fourth element of her prima facie case by establishing that a person other than a black female was hired. As defendant points out, the Fifth Circuit has not adhered to this position in the fifteen years since Lamb was decided and this court is not inclined to do so now.

8

> [w]ithin a short period of time after [Johnson] had been re-selected for the position, [Miles] stated, again in my presence, "we finally got the person we wanted all along." This conversation was not directed to me, but was conducted in my presence in the [breakroom]. On another occasion, shortly afterward, I overheard [Miles] make a comment to the effect that FHEO had enough women in supervisory and management at this time.

Pl.'s App. in Supp. Mot. Summ. J. 17. Miles, in his testimony before the EEOC Administrative Judge, as well as his affidavit submitted to the court in defendant's summary judgment evidence, denied ever making such a statement. Defendant argues that regardless of whether Miles made the statement or not, plaintiff has failed to adduce direct evidence of sex discrimination because Sweeney was the person who actually recommended Johnson to the selecting official, and that Peoples was the person who actually hired Johnson. Thus, according to defendant, a factual dispute regarding a statement made by Miles is irrelevant to whether plaintiff was discriminated against when defendant hired Johnson.

To constitute direct evidence of sex discrimination, Miles' purported statement would have to prove "the fact of discriminatory animus without inference or presumption." Although, if true, Miles' statement may allow the court to infer that he in fact wanted Johnson for the job and felt that there were a sufficient number of women in supervisor positions, the court is not willing to go as far as saying this statement constitutes direct evidence that Miles, much less Sweeney or Peoples, discriminated against plaintiff. Direct evidence of

9

discrimination requires that the statement prove discriminatory animus <u>without any inferences or presumptions</u>. See <u>Sandstad</u>, 309 F.3d at 897. Accordingly, the court concludes that plaintiff has not adduced direct evidence of sex discrimination.

    2.   <u>Defendant Had a Legitimate, Non-Discriminatory Reason for Not Promoting Plaintiff</u>

Although defendant concedes that plaintiff has shown a prima facie case of sex discrimination, it maintains that summary judgment is appropriate because it had a legitimate non-discriminatory reason for not promoting her. See <u>Shackelford</u>, 190 F.3d at 404. Defendant contends that "[t]he selection had nothing to do with the applicants' gender" and that "Johnson was the best candidate for the position [and his] application was assigned the highest score on the five quality ranking factors." Def.'s Br. in Supp. Mot. Summ J. 8-9. Moreover, according to defendant, "Johnson was selected because his management experience and technical knowledge of the subject areas made him the best qualified candidate [and, out] of all the candidates, the recommending officials felt that he would do the best job in supervising the staff and keeping them focused on their investigations." <u>Id</u>. at 9. "The defendant need not persuade the court that it was actually motivated by the proffered reasons." See <u>Texas Dept. Of Comm. Affairs v. Burdine</u>, 450 U.S. 248, 256 (1981).

    3.   <u>Plaintiff Has Adduced Circumstantial Evidence That Sex Was a Motivating Factor in the Employment Decision</u>

Where, as here, defendant has proffered a legitimate,

10

nondiscriminatory explanation, the burden shifts to plaintiff to prove either that the protected characteristic was a motivating factor in the employment decision or that the proffered explanation was actually a pretext for discrimination. See Keelan, 407 F.3d at 341. In the instant action, plaintiff does not offer evidence that defendant's reasons were pretextual, rather, she attempts to show, through the "mixed-motive alternative" id., that sex was a motivating factor in defendant's decision. Such a showing may be achieved through circumstantial evidence. Id. (citing Desert Palace, Inc. v. Costa, 539 U.S. 90, 99-101 (2003)).

Plaintiff alleges that the statements made by Miles, as discussed above in section V. D. 1., as well as the panel's focus on the interview process and its subjective questions, rather than applicants' objective qualifications, constitute the requisite showing of sex being a motivating factor in defendant's decision not to promote plaintiff. Specifically, plaintiff argues that the interview process was used so that Johnson could be selected, even if he was not objectively the best qualified applicant. Further, she maintains that Miles' purported statements show that he was intent on not hiring a female for the Supervisor Position. Thus, according to plaintiff, sex was a motivating factor in Miles' decision not to recommend her.

First, with respect to plaintiff's argument that the interview process indicates that sex was a motivating factor, the court finds that such argument is without merit. At most, the

11

fact that interviews were used may indicate that the panel wanted to subjectively evaluate the applicants, instead of relying solely on their objective qualifications. This does not constitute evidence of sex discrimination. Second, plaintiff relies on Miles' purported statement that he thought there were enough women in management positions. See (containing Samuel's affidavit which states that he overheard Miles make this statement in the break room at their place of employment). Although Miles denies ever making such a statement, plaintiff has raised a genuine issue of material fact as to that issue and the court finds that she has met her burden of adducing circumstantial evidence that sex was a motivating factor in the adverse employment decision.

"If the plaintiff demonstrates the protected characteristic was a motivating factor in the employment decision (meets the mixed-motive showing) . . . 'it then falls to the defendant to prove that the same adverse employment decision would have been made regardless of discriminatory animus. If the employer fails to carry this burden, plaintiff prevails.'" Id. (quoting Desert Palace, 539 U.S. at 312 (internal quotation marks and citation omitted)). Here, defendant did not specifically address this part of the test, however it did argue that regardless of whether Miles made the purported statement, it is entitled to summary judgment. Defendant maintains that there is no evidence that sex was a motivating factor in Sweeney's decision not to recommend plaintiff, or Peoples' decision not to hire her, and that both of

12

them considered Johnson to be the best qualified candidate for the job. While Miles' purported statement and bias may not have affected the decisions made by Sweeney and Peoples, the test places the burden on defendant to prove that plaintiff would not have been passed over for the promotion, regardless of the discriminatory animus. The court concludes that it has failed to carry that burden. There is a genuine issue of material fact, assuming Miles did make the purported statement and harbored some animus towards women, of whether the results of the interview panel would not have been different and/or that a different recommendation would not have been made to Peoples.[2] Thus, defendant's motion for summary judgment on plaintiff's sex discrimination claim must be denied.[3]

VI.

Order

For the reasons discussed above, the court concludes that defendant's motion for summary judgment should be granted in part

---

[2] The Fifth Circuit admonishes that "[w]hen dealing with employment discrimination cases, which usually necessarily involve examining motive and intent . . . granting of summary judgment is especially questionable. In these cases summary judgment should be used cautiously and all procedural requirements given strict adherence . . . ." Hayden v. First Nat'l Bank, 595 F.2d 994, 997 (5th Cir. 1979) (internal quotation marks omitted); Thornbrough Columbus & G. R. Co., 760 F.2d 633, 639 (5th Cir. 1985) (citing Mendez, Presumptions of Discriminatory Motive in Title VII Disparate Treatment Cases, 32 Stan. L. Rev. 1129 (1980) ("Unless the employer is a latter-day George Washington, employment discrimination is as difficult to prove as who chopped down the cherry tree.")).

[3] While the court concludes that plaintiff's sex discrimination claim survives summary judgment because defendant has not shown that it would have made the same employment decision regardless of the purported discriminatory animus, the court notes that it has some misgivings as to the sufficiency of plaintiff's evidence that such discrimination actually occurred. Of course, the court reserves the right to render judgment as a matter of law for defendant during, or at the conclusion of, the evidence.

and denied in part. Therefore,

The court ORDERS that plaintiff's claim for race discrimination asserted against defendant be, and is hereby, dismissed with prejudice.

SIGNED July 20, 2007.

_____
JOHN McBRYDE
United States District Judge

14